**McCARTHY v. M & M TRANSP. CO.**

Civ. A. No. 4560.

District Court, D. Massachusetts.

March 19, 1946.

Clarence A. Barnes, Atty. Gen., Commonwealth of Massachusetts, and Nicholas DeLeo and Joel L. Miller, Asst. Attys. Gen., Commonwealth of Massachusetts, for plaintiff.

Rome, Weinstein & Wolbarsht and Joseph B. Wolbarsht, all of Boston, Mass., for defendant.

HEALEY, District Judge.

The petitioner has filed motions (1) to strike out portions of the respondent's answer to the complaint, and (2) to strike out the respondent's counterclaim. A hearing on these motions was held on February 11, 1945.

The petitioner brought an action under section 8 of the Selective Training and Service Act of 1940, as amended, 50 U.S. C.A.Appendix, § 308, seeking an order of the court requiring the respondent to re-employ him in his former position as a trailer-truck driver, or to a position of like seniority, status, and pay, and to reim-burse him for any loss of wages or benefits suffered by reason of the respondent's failure or refusal to comply with the re-employment provision of the act, and for such other and further relief as the court may deem just and proper.

In his complaint, the petitioner alleges that he was employed by the respondent on or about January 23, 1943, as a trailer-truck driver, and that his position was of a permanent character; that on August 9, 1943, while in the employ of respondent, he was ordered by his local draft board to report for induction into the military service of the United States on September 3, 1943; that on September 3, 1943, he reported for induction, was sworn in as a member of our armed forces and granted an immediate furlough of 21 days to permit him to wind up his affairs; that he thereby continued in the employment of the respondent until September 7, 1943, at which time he was discharged by the respondent; that he was honorably discharged from the army on or about February 9, 1945; that the petitioner at the time of his discharge from our armed forces received a United States War Department Form, Adjutant General's Form No. 53, entitled "Report of Separation", and such Form indicates that the petitioner entered active military service on said September 3, 1943.

Petitioner further alleges that he was a member of the armed forces at the time respondent discharged him from employment, and that, therefore, he left his position on September 3, 1943 in order to perform military training and service within the meaning of the provisions of the Selective Training and Service Act; that he is still qualified to perform the duties of his former position and he made application for re-employment in his former position with the respondent within the period prescribed by said act, but that the respondent whose circumstances have not so changed as to make it impossible or unreasonable to reinstate petitioner to his former position, or to a position of like seniority, status, and pay, refused to reinstate him in his former position.

The respondent has filed an answer and set up a counterclaim.

The respondent's answer puts in issue each of the allegations of the petitioner's complaint.

By paragraph 7 of the answer, respondent however admits that petitioner was in the employ of the respondent on September 7, 1943, on which date he was discharged "for justifiable cause as hereafter more particularly set forth."

By paragraph 14, respondent states that it refused to re-employ the petitioner, setting forth as its reasons:

1. That petitioner was discharged from employment on September 7, 1943, because he had caused a slow-down in respondent's operations.

2. That the petitioner refused to arbitrate the question of the justification of his discharge as required by the Union contract with respondent employer and by specific direction of the National War Labor Board.

3. That if petitioner was a member of the Armed Forces at the time of his discharge from the respondent's employ on September 7, 1943, which the respondent specifically denies, that by his conduct in provoking a strike of respondent's employees, he violated Articles 81, 83, 88, 89, 90 and 96 of the Articles of War and has thereby disqualified himself from any relief under Section 8 of the Selective Training and Service Act of 1940 as amended.

The petitioner has filed a motion asking the court to strike out of paragraph 7 of the respondent's answer the words "for justifiable cause as hereinafter more particularly set forth", on the ground that it is redundant, immaterial and impertinent. The court is also asked to strike out all of paragraph 14 of the respondent's answer except the words "The respondent does refuse to reemploy the petitioner" on the ground that the reasons set forth in the paragraph for the discharge of petitioner are immaterial, irrelevant and tend to becloud the issues raised in the case.

Section 8 of the Selective Training and Service Act under which petitioner brings this action is as follows: "(b) In the case of any such person (inductee) * who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (signifying satisfactory completion of a period of training and service) (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year— * * *

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so."

■ The only issues raised in an action under this section are:

1. Did the petitioner leave a position, other than a temporary position, in the employ of the respondent for induction into the armed forces of the United States?

2. Did he receive a certificate of Honorable Discharge on completion of his service?

3. Is he still qualified to perform his former duties?

4. Did he seek re-employment with respondent within 90 days of his discharge?

5. Have respondent's circumstances so changed as to make it impossible or unreasonable to re-employ petitioner?

Of the above issues, the only one relevant to the decision on petitioner's motion to strike out the specified parts of the respondent's answer is the first; i.e., Did the petitioner leave a position, other than a temporary position, in the employ of the respondent for induction into the armed forces of the United States?

The petitioner in his complaint has alleged that he "was sworn in as a member of our armed forces" on September 3, 1943, and "continued employment with the respondent until September 7, 1943, at which time he was discharged by the respondent." Petitioner further alleges that

---

* Words in parenthesis supplied.

he was a member of our armed forces at the time the respondent discharged him from employment, and, therefore, he alleges that he left his position on September 3, 1943, in order to perform military training and service within the provisions of Section 8 of the Selective Training and Service Act.

In answer, the respondent does not admit. that the petitioner entered the armed services on September 3, but admits that he continued in the employment of respondent until September 7, when he was discharged "for justifiable cause as hereinafter more particularly set forth" (paragraphs 6 and 7).

■ This part of the answer then puts in issue at the trial the question as to whether or not the petitioner left the employ of the respondent on September 3, 1943, to enter the armed forces and the petitioner must bear the burden of proving this by a preponderance of the evidence at the trial. If he fails to bear this burden of proof, the question as to whether or not he was discharged by respondent on September 7, 1943 "for justifiable cause", may be material.

Petitioner's motion insofar as it relates to paragraph 7 and to the first 16 lines of paragraph 14 through the words "respondent's operations" in line 17, should be denied. Insofar as this motion to strike pertains to the remaining part of paragraph 14, it should be granted, and that part of paragraph 14 beginning on line 17 with the word "whereupon" through to the end of paragraph 17, is hereby stricken from the defendant's answer.

■ The allegation that petitioner caused a strike after his discharge, or that he failed to arbitrate the question of the justification of his discharge, or that he violated the Articles of War are immaterial insofar as the issues to be decided here are concerned and cannot be raised in this proceeding under the Selective Training and Service Act.

### Motion to Dismiss Respondent's Counterclaim

Respondent has filed a counterclaim seeking to recover damages from the petitioner under the War Labor Disputes Act, 50 U.S.C.A.Appendix, § 1501 et seq., for causing a slowdown in respondent's operations, and for causing a strike by respondent's employees.

Petitioner has moved to dismiss this counterclaim.

■ Under the Federal Rules of Civil Procedure, counterclaims are classified as either compulsory or permissive. Since the respondent's counterclaim does not arise out of the same transaction or occurrence that is the subject matter of the petitioner's claim, it must be classified as a permissive counterclaim. Federal Rules of Civil Procedure, rule 13(b), 28 U.S.C.A. following section 723c.

■ Although a compulsory counterclaim is ancillary to the main action and derives its federal jurisdictional support therefrom, a permissive counterclaim requires an independent jurisdictional basis to support it. Cf. Marks v. Spitz, D.C., 4 F.R.D. 348.

■ The respondent's counterclaim is based on the War Labor Disputes Act. It thus presents a federal question and the court has jurisdiction to entertain it in this proceeding as a permissive counterclaim under Rule 13(b).

The motion to dismiss the counterclaim is, therefore, denied.

■ Section 8(e) of the Selective Training and Service Act states in part: "The court shall order a speedy hearing in any such case and shall advance it on the calendar."

Congress has thus manifested an intention that suits like that of the plaintiff should be set down for trial and decided as quickly as possible. To allow a hearing on the merits of the respondent's counterclaim in the same trial at which petitioner's action is heard, would necessarily prolong the trial and cause delay.

Rule 42(b) of the Federal Rules of Civil Procedure states: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims,

counterclaims, third-party claims, or issues."

Considering the intent of Congress as expressed in the Selective Training and Service Act, it is my opinion that the petitioner's action should be set down for a speedy trial and that the cause of action stated in respondent's counterclaim should be tried separately.

The motion to strike out various portions of the respondent's answer to the petitioner's bill of complaint is denied as to paragraph 7 and the first 16 lines of paragraph 14 through the words "respondent's operations", and allowed as to the remainder of paragraph 14.

The motion to dismiss the respondent's counterclaim is denied.

A separate trial is to be had on petitioner's complaint and on respondent's counterclaim.

An order shall be prepared by the clerk in compliance with the directions contained in this memoranda.